UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 23-45138

NORMAN REED, JR.,                                   Chapter 7

      Debtor.                                  Judge Thomas J. Tucker

_____/

**ORDER RESOLVING THE DEBTOR'S CONTEMPT MOTION AGAINST THE
INTERNAL REVENUE SERVICE,
CANCELLING THE NOVEMBER 20, 2024 HEARING,
AND DENYING, AS MOOT, THE MOTION BY THE INTERNAL REVENUE SERVICE
FOR RELIEF FROM THE JULY 10, 2024 ORDER**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion to Hold the Internal Revenue Service and Detroit Office Supervisor 'Miss James' in Contempt of Court for Failing to Comply with this Court's July 10, 2024 Order" (Docket # 63, the "Contempt Motion"). The United States, on behalf of the Internal Revenue Service (the "IRS), filed an objection to the Motion (Docket # 72, the "Response").

In its Response, the IRS alleged that "by August 26, 2024," counsel for the IRS "obtained and provided to Debtor the documents that he sought." (Response at ¶ 3). In light of this allegation, the Court entered an Order on November 4, 2024 (Docket # 79), by which the Court required the Debtor to file a supplement to the Motion, "stating specifically what documents and information the IRS has provided to the Debtor relating to the Debtor's federal income tax for any of the years 2020, 2021, or 2022, directly or through the Debtor's counsel, and when the documents and information were provided."

The Debtor filed the required supplement on November 12, 2024 (Docket # 80, the "Supplement"), in which the Debtor stated, among other things, that on August 28, 2024, the

Debtor's counsel received from counsel for the IRS "the Debtor's IRS Account Transcripts for 2020, 2021, 2022 and 2023; the Debtor's Wage and Income Transcripts for 2020, 2021, 2022 and 2023." (Supplement at ¶ 16).

From the foregoing, it is clear and undisputed that no later than August 28, 2024, the IRS provided the Debtor's counsel with all the documents that were required by the Court's July 10, 2024 Order (Docket # 60, ¶ 2). Therefore, and as the Debtor's Supplement acknowledges, the only issue remaining with respect to the Debtor's Contempt Motion is whether the Court will require the IRS and/or its employee "Miss James" to pay attorney fees and costs incurred by the Debtor in having to file and prosecute the Contempt Motion. (*See* Supplement at pdf p. 5). The Contempt Motion currently is scheduled for a hearing to be held on November 20, 2024.

Meanwhile, on October 30, 2024, the IRS filed a motion seeking relief from the July 10, 2024 Order (Docket # 78, the "IRS Motion"). The Debtor filed an objection to that motion, on November 13, 2024 (Docket # 81). No hearing has been scheduled on the IRS Motion.

Having reviewed all the papers filed by the parties regarding the Contempt Motion and the IRS Motion, the Court concludes that a hearing is not necessary on either motion, and the Court finds good cause to enter this Order.

In the Court's view, the pending motions represent a dispute that should have ended, at the latest, as soon as the IRS provided the Debtor's counsel with all the documents required by the July 10, 2024 Order. That occurred no later than August 28, 2024. And it appears that the Debtor's counsel could have obtained the documents he wanted from the IRS by communicating with the local United States Attorney's office, either before or after the Court entered its July 10,

2024 Order.[1]

In any event, with respect to the Debtor's Contempt Motion, the Court declines to hold the IRS or "Miss James" in civil contempt, and declines to order either of them to pay any attorney fees or costs to the Debtor or the Debtor's attorney. There is no point to the Court now holding the IRS or "Miss James" in civil contempt, because (1) the only relief the Debtor now seeks if a contempt order is entered is attorney fees and costs; and (2) even if the Court found either the IRS or "Miss James" in contempt, the Court would exercise its discretion not to grant the Debtor any monetary relief for the contempt. *See, e.g., In re City of Detroit, Michigan*, 653 B.R. 874, 894-95 (Bankr. E.D. Mich. 2023) (finding parties in civil contempt, but declining, in the Court's discretion, to award any monetary relief for the contempt).

For these reasons, the Court will order that the Contempt Motion is deemed resolved in part, and other is denied.

Because of the foregoing disposition of the Debtor's Contempt Motion, the Court concludes that the IRS Motion is now moot. Therefore, that motion will be denied as moot. And the Debtor's request for attorney fees and costs of $1,000.00 for having to respond to the IRS Motion (Docket # 81 at pdf p. 11), will be denied. There is no valid basis for awarding such fees and costs to the Debtor; the IRS Motion was not frivolous.

For these reasons,

IT IS ORDERED that:

1. The Debtor's Contempt Motion (Docket # 63) is deemed resolved in part, and otherwise is

---

[1] The July 10, 2024 Order did not require the Debtor to serve the local U.S. Attorney's Office with the Order, and it would have been well for the Court to have required this. But nothing prevented the Debtor from doing that, or from otherwise communicating (even before July 10, 2024) with the U.S. Attorney's Office in Detroit, and specifically with Assistant U.S. Attorney Gregory Dickinson.

denied.

2. The hearing on the Contempt Motion, currently scheduled for November 20, 2024 at 9:00 a.m., is cancelled.

3. The IRS Motion (Docket # 78) is denied, as moot.

4. The Debtor's request for fees and costs of $1,000.00 for having to respond to the IRS Motion is denied.

**Signed on November 18, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**